FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE R. BARANY, | No. 11-35005 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00253-RMP |
| v. | |
| JANET C. VAN HAELST, Acting Director of Industry Operations Seattle Field Division Bureau of Alcohol Tabacco Firearms and Explosives, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted October 13, 2011
Seattle, Washington

Before: KOZINSKI, Chief Judge, PAEZ, Circuit Judge, and COLLINS,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, sitting by designation.

Barany appeals from the district court's grant of summary judgment to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") on his claim that the ATF improperly denied his federal firearms license ("FFL") application. Barany argues that ATF lacked authority to deny his application on the basis of willful violations of the Gun Control Act and its regulations committed by the General Store, Inc. *See General Store, Inc. v. Van Loan*, 560 F.3d 920 (9th Cir. 2009).

Barany was listed as a "responsible person" on the General Store's corporate FFL. He was one of two corporate officers and one of two shareholders in a small family-run corporation in which he actively participated in the management of the day-to-day activities of the store. Moreover, it is apparent from the administrative record, and specifically from the information disclosed in his FFL application and in his interview with an ATF inspector, that Barany was applying for an FFL in order to revive the General Store's former gun department under another business name and thus to evade the consequences of the revocation of the General Store's FFL. Under these circumstances, ATF was authorized under 18 U.S.C. § 923(d)(1)(C) to deny his FFL application based on the willful violations committed by the General Store, Inc.

Because denial of an FFL application is not the enforcement or assessment of a civil penalty, the statute of limitations imposed by 28 U.S.C. § 2462 does not apply here. *Rivera v. Pugh*, 194 F.3d 1064, 1068-69 (9th Cir. 1999).

The district court therefore did not err in concluding that ATF was authorized to deny Barany's FFL application.

AFFIRMED.